IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-13,117-02







EX PARTE RICHARD CLAUDE WESTERMAN, AKA RICHARD CHARLES
WEBSTER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR82-136A-1 IN THE 207TH DISTRICT COURT

FROM COMAL COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery, and was sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being improperly denied credit for time spent in intermediate
sanctions facilities. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte
Canada, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d), in that it may order the Texas Board of Pardons and Paroles
and/or the Texas Department of Criminal Justice, Institutional Division to file an affidavit addressing
whether Applicant was ever in an intermediate sanctions facility pursuant to a pre-revocation
warrant, and if so, the dates he was subject to any such warrant(s), and whether he received time
credit toward the expiration of his sentence for the period of time he spent in an intermediate
sanctions facility pursuant to the pre-revocation warrant(s). The trial court may also order
depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was held pursuant to a pre-revocation warrant, and if so, the dates during which the warrant was in effect. The trial court shall
also make findings as to whether Applicant is receiving the proper amount of time credit for that
time. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: October 31, 2012

Do not publish